## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KIMBERLY POWELL, as next if kin and
on behalf of a J.T.A. minor, themselves
and all others similarly situated,**

    **Plaintiffs,**               **Case No.:**

**v.**

**THE SCHOOL BOARD OF VOLUSIA
COUNTY, FLORIDA, a Political subdivision
of the state of Florida,**

    **Defendant.**

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Kimberly Powell, as next of kin and on behalf of J.T.A.[1], a minor, themselves and all others similarly situated, by and through their undersigned trial counsel, bring this class action pursuant to *Rule 23, Federal Rules of Civil Procedure*, against the Defendant, The School Board of Volusia County, Florida, and all facts being extant and material hereto allege:

### *General Allegations*

1.    This is a Class Action for both damages in excess of $50,000,000

---

[1] Judicial Conference of the United States and the E-Government Act of 2002 and *Rule 5.2(a)(3), Federal Rules of Civil Procedure,* require use of a minor's initials.

including attorney's fee and all allowable costs.

2.       Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A., a minor, are in all respects, *sui juris.*

3.        This Court has subject matter jurisdiction pursuant to *28 U.S.C.A. Section 1331.* Plaintiff, Kimberly Powell as next of kin on behalf of J.T.A, a minor and all others similarly situated's claims are authorized by *28 U.S.C.A. Sections 2201, 2202* and by *42 U.S.C.A. Sections 12101* et seq.

4.       At all times material named and class Plaintiffs are "qualified individual[s] with a disability" under *Section 504* of the *Rehabilitation Act of 1973.*

5.       At all times material, the Defendant, The School Board of Volusia County, Florida, was and continues to be a political subdivision of the state of Florida with its principle place of business in DeLand, Volusia County, Florida.

6.       The conduct of the Defendant, The School Board of Volusia County, Florida, complained of occurred in throughout Volusia County, Florida. As operators of the school, The School Board of Volusia County, Florida, was charged with the custody, care and control of minor children, and had a duty, at all times material to this action, to provide an educational environment for qualified individuals with a disability, including Plaintiff, Kimberly Powell's s next of kin J.T.A., a minor.

7.      Title II of the *Americans with Disabilities Act*, applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. Title II extends the prohibition on discrimination established by *Section 504* of the *Rehabilitation Act of 1973, as amended, 29 U.S.C. 794*, to all activities of state and local governments regardless of whether these entities receive Federal financial assistance.

8.      Further, *28 CFR Part 35.130(a)*, states: "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

9.      *Section 504* of the federal *Rehabilitation Act* states no otherwise qualified individual with  a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

10.     The actions of the Defendant, The School Board of Volusia County,

Florida, as alleged are operational level decision making activities. These activities do not fall into the category of institutional acts which involves policy making or planning, and do not involve discretionary governmental functions. As such, The School Board of Volusia County, Florida, is not immune from liability in accordance with Title II of the *Americans with Disabilities Act*.

11.     Title II of the *Americans with Disabilities Act*, requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." *42 U.S.C. Section 12132; 28 C.F.R. Section 35.130(a).*

12.     Title II of the *Americans with Disabilities Act*, also requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. *28 C.F.R. Section 35.130(b)(7)(I).*

13.     Under Title II of the *Americans with Disability Act*, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals

with disabilities to discrimination on the basis of disability. *28 C.F.R. Section 35.130(b)(3)(I).*

14.    The Defendant, School Board of Volusia County, Florida, is a "public entity" within the definition of the *Americans with Disabilities Act, 42 U.S.C. Section 12131(1)* and *28 C.F.R. Section 35. 104* and is therefore subject to Title II of the *Americans with Disabilities Act*, and its implementing regulation.

15.    The Defendant, School Board of Volusia County, Florida, operates educational facilities, services, programs, and activities within the meaning of Title II of the *Americans with Disability Act*, which include its education programs for students with disabilities.

### *Investigation by the United States of America*

16.    On or about April 2, 2018, the United States of America opened an investigation of the Defendant, The School Board of Volusia County, Florida, under Title II of the *Americans with Disabilities Act, 42 U.S.C. Sections 12131 - 12134*, and Title II's implementing regulation, *28 C.F.R. pt. 35*, in response to a complaint received on behalf of 11 students with disabilities, 9 of whom have a diagnosis of Autism Spectrum Disorder, in various grade levels and from schools across the school district.

17.     Summarily, the complaint alleged that The School Board of Volusia County, Florida, discriminated against the complainants and engaged in systemic discrimination against students with disabilities by relying on overtly punitive disciplinary tactics and law enforcement to address behaviors that are known, or should be known, manifestations of the students' disabilities.

18.     The complaint further alleged that  The School Board of Volusia County, Florida routinely sought to exclude these students by removing them from The School Board of Volusia County, Florida's educational program through (1) informal removals, including regularly requiring parents or guardians to pick-up their children from school, telling a parent or guardian to keep a student home without a formal suspension, and otherwise regularly removing students with disabilities from instruction; (2) formal removals through disciplinary actions, such as suspensions; (3) law enforcement involvement; and (4) the use of "Baker Act" procedures.

19.     Over the course of the investigation, the United States of America received relevant information concerning students with Autism Spectrum Disorder in 45 of the 85 schools in The School Board of Volusia County, Florida District.  The United States of America reviewed documents received from The School Board of Volusia County, Florida, and conducted interviews of parents, guardians,

advocates, service providers, community stakeholders, and The School Board of Volusia County, Florida employees, including Exceptional Student Education staff, school administration, teachers, and others.

20. The United States of America's investigation substantiated the allegations of the complaint and identified issues with The School Board of Volusia County, Florida's compliance with the *Americans with Disabilities Act*'s nondiscrimination requirements.

### *Settlement Agreement with United States of America*

21. On or about July 13, 2021, The Defendant, The School Board of Volusia County, Florida entered into a Settlement Agreement with the United States of America with respect to the systematic violations of Title II of the *Americans with Disabilities Act*.[2]

22. The Settlement Agreement terms were as follows:

### General Prohibitions Against Discrimination

The School Board of Volusia County, Florida, will comply with Title II of the *Americans with Disabilities Act*, *42 U.S.C. Sections 12131-1234*, and its implementing regulation, *28 C.F.R. Pt. 35*. As required by Title II of the *Americans with Disabilities Act*, The School Board of Volusia County, Florida, will not discriminate against a qualified individual with a disability and specifically:

---

[2]See, Exhibit "A."

a. will not exclude a qualified individual with a disability from participation in, or deny a qualified individual with a disability, the benefits of the services, programs or activities of VCS by reason of the individual's disability;

b. will not utilize methods of administering its programs and services that have the effect of subjecting a qualified individual with a disability to discrimination on the basis of disability;

c. will make reasonable modifications to policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless VCS can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; and

d. will not retaliate against any individual or coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by the *Americans with Disabilities Act*.[3]

23.     The Settlement Agreement required the Defendant, The School Board of Volusia County, Florida, to review and amend as necessary all of its written policies and procedures that address or relate to students with disabilities to: include the nondiscrimination and non-retaliation provisions of the *Americans with Disabilities Act*; require compliance with the requirements set forth in Sections O and P of the Settlement Agreement; and incorporate the reporting structure for

_____

[3]See, Exhibit "A" p.

complaints of discrimination or retaliation under the *Americans with Disabilities Act*, as described below in Section Q of the Settlement Agreement. At a minimum, The School Board of Volusia County, Florida shall incorporate these revisions, as appropriate, into its Student Code of Conduct, ESE Handbook, written employee policies and procedures, and on its public website.

24.     Unless otherwise provided, within 150 calendar days from the Effective Date of the Settlement Agreement, The School Board of Volusia County, Florida was required to submit all newly written or revised policies and procedures under this Section to the United States of America for review and approval, not to be unreasonably withheld.  All written or revised policies and procedures under this Section were to be implemented within 90 calendar days from receipt of approval from the United States of America or, if approval from the United States is provided at a time when The School Board of Volusia County, Florida and its educational facilities are not in session, within 30 calendar days from the next school day, whichever is longer.

25.     Two hundred forty calendar days following the effective date the Settlement Agreement, the Defendant, The School Board of Volusia County, Florida, was required to submit a report to the United States of America confirming its implementation of the policies referenced in Sections O of the Settlement

Agreement, if the policies have been approved by the United States of America and its fulfillment to that date of the training requirements set forth in Section P of the Settlement Agreement.

26.     The Defendant, The School Board of Volusia County, Florida, was required to provide the United States of America with the following:

     a.     attendance logs maintained pursuant to the training sessions that it will have conducted pursuant to Section P of the Settlement Agreement, if any, by the time of the Initial Report;

     b.     complaints, including resolutions, as described under Section Q of the Settlement Agreement if any complaints have been received under that procedure; and

     c.     the findings of the ESE Director as a result of evaluations, if any, of The School Board of Volusia County, Florida's involvement of law enforcement and any remedial actions taken, as required under Section O of the Settlement Agreement.

27.     As part of the Settlement Agreement the Defendant, The School Board of Volusia County, Florida must designate and maintain an ADA Compliance Officer, who has responsibility for monitoring compliance with the Settlement Agreement, including ensuring that The School Board of Volusia County adopts and implements the Remedies to be Undertaken by The School Board of Volusia County set forth in Section O and training set forth in Section P and complies with the

Reporting Requirements set forth in Section S of the Settlement Agreement.

28.    The ADA Compliance Officer was also responsible for receiving all complaints alleging potential violations of Title II of the *Americans with Disabilities Act* and its implementing regulations, routing such complaints to the appropriate The School Board of Volusia County, Florida officials, and memorializing the resolution of complaints.

29.    The Defendant, The School Board of Volusia County, Florida, vested the ADA Compliance Officer with adequate authority to coordinate The School Board of Volusia County, Florida's compliance with the *Americans with Disabilities Act* and to ensure that The School Board of Volusia County, Florida complies with the terms set forth in the Settlement Agreement.

30.    The Defendant, The School Board of Volusia County, Florida, was required to publish the ADA Compliance Officer's name, title, office address, email address and telephone number on its website, in its Student Code of Conduct, and in all relevant notices to parents/guardians.

31.    The Settlement Agreement required the Defendant, The School Board of Volusia County, Florida, in collaboration with its ADA Compliance Officer, to develop a written reporting procedure for complaints of discrimination and/or retaliation that relate to a student with a disability, which included an online

complaint form and submission method, a point of contact for receipt of hard copy complaints, and a system for reporting to the ADA Compliance Officer any complaint referenced received by a school. The ADA Compliance Officer shall maintain a centralized, electronic, searchable database or log that tracks the complaints.

32.    Within 120 calendar days from the effective date of the Settlement Agreement, the Defendant, The School Board of Volusia County, Florida, will be required to submit the written reporting procedure to the United States of America for review and approval, not to be unreasonably withheld. The written reporting procedure shall be implemented within 30 calendar days from receipt of approval from the United States.  If the approval of the United States of America is provided at a time when The School Board of Volusia County, Florida is not in session, then the 30 day period shall begin on the next school day that The School Board of Volusia County, Florida is in session.

33.    By December 1, 2021, and by the same dates annually thereafter during the 2022-23 and 2023-24 school years, the Defendant, The School Board of Volusia County, Florida, must  provide the United States of America with a copy of all complaints.  The School Board of Volusia County, Florida has received as of the implementation date of the written reporting procedure of disability discrimination

concerning the discipline of a student with a disability and/or the exclusion of a student with a disability from  programs, services or activities, as well as a copy of The School Board of Volusia County, Florida's findings and resolution of each such complaint.

34.     The School Board of Volusia County, Florida, the Superintendent published a copy of this Agreement on The School Board of Volusia County's public website and send written notice of The School Board of Volusia County's entry into the Settlement Agreement with the United States of America to the parents/guardians of all The School Board of Volusia County students. The notice informed the parents/guardians of the web address where they could access a copy of the Settlement Agreement.

35.     For the term of the Settlement Agreement, every 180 calendar days from the anniversary of the due date of the Initial Report, the Defendant, The School Board of Volusia County, Florida,  shall submit a Subsequent Report to the United States of America regarding its compliance with the Settlement Agreement and shall provide the information set forth and required in and with the Initial Report, above. The School Board of Volusia County, Florida, is not required to duplicate information it previously provided to the United States of America in a subsequent reporting period.

36.     For the term of Settlement Agreement, every year on the anniversary of the due date of the Initial Report, The School Board of Volusia County, Florida shall submit to the United States of America certifications signed by the Superintendent, ESE Director, and the Americans with Disabilities Act Compliance Officer, attesting to their compliance with the Settlement Agreement.

37.     The Settlement Agreement between the United States of America and The Defendant, The School Board of Volusia County, Florida, did not provide any compensatory or punitive damages to the students who suffered discrimination.

### *Plaintiff Class Allegations, Rule 23(a), Federal Rules of Civil Procedure*

38.     Plaintiff, Kimberly Powell, brings this action as a Class Action pursuant to *Rule 23, Federal Rules of Civil Procedure*, on behalf of all persons who previously attended or currently attend schools operated by the Defendant, The School Board of Volusia County, Florida.

39.     The members of the Class are so numerous that joinder of all the members is impracticable.  The exact number of Class members is unknown to Plaintiff, Kimberly Powell at the present time.

40.     Plaintiff, Kimberly Powell's claims are typical of the claims of the Class because the child and all the Class members sustained damages which arose out of the Defendant, The School Board of Volusia County, Florida's willful discrimination

against students with disabilities in violation of Title II of the *Americans with Disabilities Act.*

41.     Plaintiff, Kimberly Powell, is a representative party who will fully and adequately protect the interests of the Class members.  Kimberly Powell retained undersigned trial counsel who is experienced and competent in both class actions and discrimination cases.  Kimberly Powell has no interests which are contrary to or in conflict with those of the Class she seeks to represent.

42.     A class action would be superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff, Kimberly Powell, knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

43.     The prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudication could establish incompatible standards of conduct for defendant under the laws alleged herein.

44.     Further, questions of law and fact common to the members of the Class predominate over any questions which may affect only individual members in that defendant has acted on grounds generally applicable to the entire Class.

45.     Among the questions of law and fact common to the Class are:

a.  The extent to which the Defendant, The School Board of Volusia County, Florida, violated Title II of the *Americans with Disabilities Act* as alleged; and

b.  The extent of injuries sustained by members of the Class and the appropriate measure of damages.

46.  Kimberly Powell, as next of kin and on behalf of J.T.A., a minor, themselves and all others similarly situated, retained The Harr Law Firm to represent them in this matter and has agreed to pay said firm reasonable attorney's fees for its service.

47.  All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I

## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

48.  Kimberly Powell, as next of kin and on behalf of J.T.A., a minor, themselves and all others similarly situated, reallage the allegations contained in paragraphs 1 through 47 above.

49.  This Count is asserted pursuant to the *Americans with Disabilities Act*, 42 *U.S.C.A. §§ 12101 et seq. [ADA §§ 2 et seq.]*.

50.  Plaintiff, J.T.A, a minor, and all others similarly situated are qualified individuals with a disability as that term is defined by Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(2) [ADA § 201(2)]*.

51. The Defendant, The School Board of Volusia County, Florida, is a public entity as that term is defined by Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(1) [ADA § 201(1)]*.

52. The Defendant, The School Board of Volusia County, Florida, failed to provide reasonable accommodations for persons who need attendant care and who also have cognitive limitations to enable them to participate in the educational process.

53. Specifically, the Defendant, The School Board of Volusia County, Florida, routinely sought to exclude these students by removing them from  The School Board of Volusia County, Florida's educational program through (1) informal removals, including regularly requiring parents or guardians to pick-up their children from school, telling a parent or guardian to keep a student home without a formal suspension, and otherwise regularly removing students with disabilities from instruction; (2) formal removals through disciplinary actions, such as suspensions; (3) law enforcement involvement; and (4) the use of "Baker Act" procedures.

54. The Defendant, The School Board of Volusia County, Florida, violated Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12132 [ADA § 202]*, by excluding J.T.A, a minor, and Class plaintiffs from participation in the  educational

process.

**WHEREFORE**, Kimberly Powell, as next of kin and on behalf of J.T.A., a minor, themselves and all others similarly situated, pray for judgment as follows:

1.      Declaring this action to be a proper class action pursuant to *Rule 23(a) and 23(b)(3)* of the *Federal Rules of Civil Procedure* on behalf of the Class defined herein;

2.      Awarding Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A., a minor,  and each member of the Class compensatory damages;

3.      Awarding Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A.. a minor, and each member of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys fees, and all allowable costs incurred in this action.

## COUNT II

## <u>VIOLATION OF THE REHABILITATION ACT OF 1973</u>

55.      Kimberly Powell, as next of kin and on behalf of J.T.A., a minor, themselves and all others similarly situated, reallage the allegations contained in paragraphs 1 through 47 above.

56.      The Defendant, The School Board of Volusia County, Florida, operates

a "program or activity receiving Federal financial assistance" under *Section 504* of the *Rehabilitation Act of 1973*.

57.    The Defendant, The School Board of Volusia County, Florida, has denied named and class Plaintiffs equal participation in The School Board of Volusia County, Florida's services and made their participation unduly burdensome solely by reason of Plaintiffs' disabilities in violation of *Section 504* of the *Rehabilitation Act of 1973* and its implementing regulations. *49 C.F.R. Pt. 27.*

58.    The Defendant, The School Board of Volusia County, Florida, denied named and class Plaintiffs the benefits of the service, programs, and activities.

59.    In engaging in the conduct described above, the Defendant, The School Board of Volusia County, Florida, either intentionally discriminated against named and class Plaintiffs or been deliberately indifferent to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights.

60.    The Defendant, The School Board of Volusia County, Florida, systematically subjected named and class Plaintiffs to discrimination solely by reason of their disabilities.  These violations of *Section 504* of the *Rehabilitation Act of 1973* by The School Board of Volusia County, Florida, establish a claim for declaratory and injunctive relief and compensatory damages against The School Board of Volusia County, Florida, pursuant to *Section 505* of the *Rehabilitation Act,*

*29 U.S.C.A. § 794a(a)(2).*

**WHEREFORE**, Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A., a minor and all others similarly situated., prays for judgment as follows:

1.    Declaring this action to be a proper class action pursuant to *Rule 23(a) and 23(b)(3)* of the *Federal Rules of Civil Procedure* on behalf of the Class defined herein;

2.    Awarding Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A., a minor, and each member of the Class compensatory damages;

3.    Awarding Plaintiff, Kimberly Powell as next of kin and on behalf of J.T.A., a minor, and each member of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys fees, and all allowable costs incurred in this action.

### ***Jury Demand***

61.    Plaintiff, Kimberly Powell, as next of kin and on behalf of J.T.A. a minor and all others similarly situated, demands a jury trial for each issue triable of right by a jury.

Dated this 27th day of October, 2021.

Respectfully submitted.


  _/s/   Jason L. Harr_
**JASON L. HARR**
Florida Bar No.:  0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
lynnwilkins@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
Telefax:  (386) 226-4886
**TRIAL COUNSEL FOR PLAINTIFF**

Attachment:
  A.   Settlement Agreement between United States Attorney Office and The
       School Board of Volusia County, Florida