UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY POWELL, as next of kin
and on behalf of J.T.A., a minor, et al.

      Plaintiff,

v.                             Case No: 6:21-cv-1791-JSS-EJK

THE SCHOOL BOARD OF VOLUSIA
COUNTY, FLORIDA,

      Defendant.
_____/

## ORDER

Defendant renews its motion to dismiss Plaintiff's First Amended Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Motion, Dkt. 40.)  Plaintiff opposes the Motion.  (Dkt. 48).  Upon consideration, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed without prejudice.  Plaintiff's Motion for Class Certification (Dkt. 26) is also denied without prejudice.

## BACKGROUND

Plaintiff Kimberly Powell, as next of kin and on behalf of J.T.A., a minor, brings this proposed class action seeking damages in excess of $50,000,000 on behalf of herself and all persons who previously attended or currently attend schools operated

by Defendant, the School Board of Volusia County.  (Dkt. 4.)[1]  According to Plaintiff's

Amended Complaint, beginning in April 2018, Defendant was investigated by the

United States pursuant to Title II of the Americans with Disabilities Act (ADA), 42

U.S.C. §§ 12131–12134, "in response to a complaint received on behalf of 11 students

with disabilities, 9 of whom have a diagnosis of Autism Spectrum Disorder, in various

grade levels and from schools across the school district."  (Dkt. 4 ¶ 16.)  Among other

allegations, the students' complaint maintained that Defendant:

> routinely sought to exclude these students by removing them from
> [Defendant's] educational program through (1) informal removals,
> including regularly requiring parents or guardians to pick-up their
> children from school, telling a parent or guardian to keep a student home
> without a formal suspension, and otherwise regularly removing students
> with disabilities from instruction; (2) formal removals through
> disciplinary actions, such as suspensions; (3) law enforcement
> involvement; and (4) the use of "Baker Act" procedures.

(Dkt. 4-1 at 2); *see also* (Dkt. 1 ¶ 18.)  Following the investigation, Defendant and the

United States entered into a settlement agreement in July 2021 (ADA Settlement

Agreement).  (*Id.* ¶¶ 21–37.)[2]  The ADA Settlement Agreement imposed certain

obligations on Defendant, including that it would refrain from discrimination;

undertake certain remedial actions; make reasonable modifications to its policies,

practices, and procedures; implement mandatory training; and comply with certain

oversight and reporting obligations.  (Dkt. 4-1 at 3–15); *see also* (Dkt. 1 ¶¶ 21–37.)

---

[1] As the court previously recognized, "[a]lthough the caption of the Amended Complaint lists many additional individuals as 'Plaintiffs,' [] the substance of the Amended Complaint makes clear that those individuals are not named Plaintiffs, but instead, purported class members[.]" (Dkt. 30 at 2 n.1.)
[2] Plaintiff attached the ADA Settlement Agreement as an exhibit to her Amended Complaint.  *See* (Dkt. 4-1.)

Plaintiff brought her original class action complaint against Defendant on October 27, 2021.  (Dkt. 1.)  On November 16, 2021, Plaintiff filed the operative First Amended Class Action Complaint and asserted one count for violation of Title II of the ADA, 42 U.S.C. § 12132 (Count One) and one count for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2) (Count Two).  (Dkt. 4.)  On November 9, 2022, the court granted Defendant's motion to dismiss for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA) and dismissed the Amended Complaint for lack of subject matter jurisdiction. (Dkt. 30.)  Plaintiff appealed.  (Dkt. 31.)  The Eleventh Circuit vacated the court's order of dismissal and remanded the case for further proceedings consistent with the Supreme Court's intervening decision in *Perez v. Sturgis Public Schools*, 143 S. Ct. 859, 865 (2023).  (Dkts. 35, 37.)  In *Perez*, the Supreme Court held that the IDEA does not require "exhaustion of the administrative processes . . . 'where a plaintiff brings a suit under another federal law for compensatory damages—a form of relief [the] IDEA does not provide.'"  (Dkt. 35 at 8 (quoting *Perez*, 143 S. Ct. at 864).)  Accordingly, because Plaintiff's Amended Complaint seeks compensatory and punitive damages under the ADA and Rehabilitation Act, the Eleventh Circuit held that Plaintiff "can proceed without attempting to exhaust administrative remedies that do not exist under the IDEA."  (Dkt. 35 at 8.)

Following the Eleventh Circuit's mandate, the court reopened this case.  (Dkt. 38.)  Defendant now renews its Motion to Dismiss and argues that Plaintiff fails to state claims under the ADA and Rehabilitation Act and otherwise fails to plead a

sufficient injury to state a claim or establish standing.  (Dkt. 40.)  Plaintiff opposes the Motion and argues that she has sufficiently stated a claim and established standing. (Dkt. 48.)

## ANALYSIS

### A. Standing

Defendant challenges Plaintiff's standing to bring this action and contends that Plaintiff has failed to plead facts to establish that she suffered a cognizable injury.  (Dkt. 40 at 20–23.)  Plaintiff responds that she adequately pled a cognizable injury in paragraphs 53 and 54 of the Amended Complaint.  (Dkt. 48 at 10–12.)  Upon consideration, the court finds that Plaintiff has pled sufficient facts to establish standing at this stage in the litigation.

"[S]tanding is a necessary component of [a federal court's] jurisdiction to hear 'cases' and 'controversies' under Article III of the Constitution," and must therefore be addressed first.  *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1190 (11th Cir. 2009) (citing *Ouachita Watch League v. Jacobs,* 463 F.3d 1163, 1169 (11th Cir. 2006)); *see also Ford v. Strange*, 580 F. App'x 701, 707 (11th Cir. 2014) (A plaintiff's standing to maintain its claims implicates the court's subject matter jurisdiction over the case and should be resolved before addressing the claims on the merits.).  Indeed, a motion to dismiss for lack of standing "has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley*

*ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)).

The party invoking federal jurisdiction bears the burden of establishing the constitutional requirements for standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing to maintain its claims, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)). To establish an "injury in fact," "the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a 'concrete and particularized' injury." *Am. C.L. Union of Fla., Inc.*, 557 F.3d at 1190 (quoting *Fla. State Conf. of the NAACP v. Browning,* 522 F.3d 1153, 1159 (11th Cir. 2008)). "An injury is particularized when it 'affect[s] the plaintiff in a personal and individual way.'" *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1113 (11th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)); *see also Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1081

(11th Cir. 2002) ("at this stage [plaintiff] is only required to generally allege a redressable injury caused by the actions of [defendant] about which it complains").

At this stage in the litigation, Plaintiff's allegations are sufficient to infer that she or J.T.A. has suffered an injury-in-fact necessary to establish standing. *See Clements v. LSI Title Agency, Inc.*, 779 F.3d 1269, 1273 (11th Cir. 2015) ("general factual allegations of injury resulting from the defendant[s'] conduct . . . suffice to establish standing") (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012)). As Defendant argues, the Amended Complaint largely copies from the ADA Settlement Agreement.[3] Indeed, the paragraph that Plaintiff argues establishes her injury-in-fact appears to be directly copied from the ADA Settlement Agreement, including its reference to "these students," rather than identifying J.T.A. or any of the proposed class Plaintiffs or their children as having experienced any injury caused by Defendant. *Compare* (Dkt. 4 ¶ 53) *with* (Dkt. 4-1 at 2.) However, at this stage, Plaintiff's allegations of harm are sufficient for the court to "presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561. In particular, the Amended Complaint identifies J.T.A. and the other minor Plaintiffs as "individuals with disabilities" under the ADA that attend or attended schools administered by Defendant. (Dkt. 4 ¶¶ 4, 6.) Plaintiff further alleges that Defendant "exclude[ed] J.T.A., a minor, and Class plaintiffs from participation in the educational

---

[3] Plaintiff has not alleged that she was a party to the ADA Settlement Agreement or that any purported violation of this agreement resulted in a violation of a legally protectable interest that Plaintiff had in that agreement. *See* (Dkt. 4 ¶¶ 21–37.)

process" and that "the child and all the Class members sustained damages which arose out of the Defendant, The School Board of Volusia County, Florida's willful discrimination against students with disabilities in violation of Title II of the Americans with Disabilities Act." (Dkt. 4 ¶¶ 40, 54.) From these allegations the court finds that Plaintiff has met the bare minimum requirement of an injury-in-fact to establish Article III standing and declines to dismiss Plaintiff's Amended Complaint on this ground. *Cf. Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084 (11th Cir. 2019) ("[We must 'not ... conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive.'") (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).

### B. Failure to State a Claim

Defendant also moves to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 40 at 7–20.) Defendant argues that Plaintiff has failed to allege facts to support her claims and requested damages under the ADA and Rehabilitation Act. (*Id.*) Plaintiff responds that she has adequately stated a claim. (Dkt. 48 at 8–10.) Upon consideration, the court agrees with Defendant and finds that the Amended Complaint must be dismissed for failure to adequately state a claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Hunt*

*v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (citing *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014)).   To state a claim sufficient to survive a motion to dismiss, a pleading must allege facts that reasonably demonstrate evidence exists to support the plaintiff's claims.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).   "Rule 8's pleading standard 'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"   *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).   To survive dismissal, a litigant may not solely put forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."   *Iqbal*, 556 U.S. at 678.   Instead, the plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.* (quoting *Twombly*, 550 U.S. at 570).   "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged."   *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).   Factual allegations that are "'merely consistent with' a defendant's liability,' however, are not facially plausible."   *Urquilla-Diaz*, 780 F.3d at 1051 (quoting *Iqbal*, 556 U.S. at 678).

In the Amended Complaint, Plaintiff seeks compensatory damages for Defendant's alleged violations of Title II of the ADA, 42 U.S.C. § 12132 (Count One),

and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count Two). (Dkt. 4 ¶¶ 48–60.)[4]

Claims for discrimination brought under Title II of the ADA and the Rehabilitation

Act "are governed by the same standards" and are "generally discussed together."

*Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1321–22 (11th Cir. 2021)

(quoting *J.S., III ex rel. J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir.

2017)). To state a claim under either the ADA or § 504 of the Rehabilitation Act, a

plaintiff must establish: "(1) that he is a qualified individual with a disability; (2) that

he was either excluded from participation in or denied the benefits of a public entity's

services, programs, activities, or otherwise discriminated against by the public entity;

and (3) that the exclusion, denial of benefit, or discrimination was by reason of the

plaintiff's disability." *Karantsalis*, 17 F.4th at 1321–22 (quoting *Silberman v. Miami Dade

Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019)). A plaintiff seeking monetary damages

for such claims "must clear an additional hurdle: he must prove that the entity that he

has sued engaged in intentional discrimination, which requires a showing of

'deliberate indifference.'" *Silberman*, 927 F.3d at 1134 (quoting *Liese v. Indian River

Cnty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012)); *see also Silva v. Baptist Health S.

Fla., Inc.*, 856 F.3d 824, 831 (11th Cir. 2017) ("To recover monetary damages, a

---

[4] Section 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

disabled person must further show that the hospital was deliberately indifferent to her federally protected rights."). "To establish deliberate indifference, a plaintiff must show that the defendant '*knew* that harm to a federally protected right was substantially likely' and '*failed* to act on that likelihood.'" *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (emphasis in original) (quoting *Liese,* 701 F.3d at 344).

Upon consideration of the Amended Complaint, the court finds that Plaintiff has failed to state a claim for relief under Title II of the ADA and the Rehabilitation Act. Specifically, beyond conclusory assertions, Plaintiff has failed to allege any facts to support that J.T.A. was a qualified individual with a disability or that J.T.A. was excluded from participation in or was denied the benefits of Defendant's programs or services by reason of J.T.A.'s disability.

As discussed above, Plaintiff's Amended Complaint consists largely of excerpts from the ADA Settlement Agreement, which makes no reference to J.T.A. or any of the proposed class Plaintiffs nor does it reference any specific actions taken by Defendant against them. *See generally* (Dkts. 4, 4-1.) Rather, the Amended Complaint provides only that Defendant "had a duty, at all times material to this action, to provide an educational environment for qualified individuals with a disability, including Plaintiff, Kimberly Powell's next of kin J.T.A., a minor" and that "[J.T.A.] and all the Class members sustained damages which arose out of the Defendant['s] willful discrimination against students with disabilities in violation of Title II of the Americans with Disabilities Act." (Dkt. 4 ¶¶ 6, 40.) Under Count One, Plaintiff

quotes broadly from the ADA Settlement Agreement and alleges that Defendant "failed to provide reasonable accommodations for persons who have cognitive limitations to enable them to participate in the educational process" through taking various actions. (*Id.* ¶ 53.) However, the Amended Complaint does not specify which, if any, of those actions were taken against J.T.A. or any facts to support J.T.A.'s disability, but only that Defendant "exclude[ed] J.T.A, a minor, and Class plaintiffs from participation in the educational process." (*Id.* ¶¶ 52–54.)

Similarly, under Count Two, Plaintiff provides conclusory assertions aligning to the elements of her Rehabilitation Act claim that are unsupported by any facts specific to J.T.A. For example, Plaintiff alleges that Defendant "denied named and class Plaintiffs' equal participation in [Defendant]'s services and made their participation unduly burdensome solely by reason of Plaintiffs' disabilities" and "denied named and class Plaintiffs the benefits of the service, programs, and activities[.]" (*Id.* ¶¶ 57–58.) Plaintiff also alleges that Defendant "either intentionally discriminated against named and class Plaintiffs or [was] deliberately indifferent to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights" and "systematically subjected named and class Plaintiffs to discrimination solely by reason of their disabilities[.]" (*Id.* ¶¶ 57–60.) However, beyond these conclusory assertions and formulaic recitation of the elements, Plaintiff does not provide factual allegations to support J.T.A.'s disability, the actions taken by Defendant against J.T.A., or that those actions were taken intentionally, with deliberate indifference, or solely by reason of J.T.A.'s disabilities. *See, e.g.*, *J.A.M. v.*

*Nova Se. Univ., Inc.*, 646 F. App'x 921, 927 (11th Cir. 2016) (affirming dismissal of Rehabilitation Act claim where plaintiff "alleged no other facts suggesting that Nova dismissed him because of his mental disability, let alone that his mental disability was the *sole* reason for dismissal"); *Welch v. City of Hartselle, Alabama*, 423 F. Supp. 3d 1277, 1284 (N.D. Ala. 2019) (dismissing ADA claims where plaintiff failed to plead facts giving rise to a plausible inference of liability and noting that "[a] formulaic recitation of the elements will not do") (quoting *Twombly*, 550 U.S. at 555).

As pled, the Amended Complaint is devoid of any facts specific to Plaintiff or J.T.A., and thus fails to put Defendant on "fair notice of what [Plaintiff's] claim[s] are and the grounds upon which [they] rest[.]" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiff's Amended Complaint may not survive dismissal based on "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Smith*, 621 F. App'x at 958 (quoting *Iqbal,* 556 U.S. at 678). While the court may infer that Plaintiff or J.T.A. was generally injured by Defendant's conduct, the absence of any factual allegations specific to J.T.A. requires dismissal. *See, e.g.*, *Mack v. City of High Springs*, 486 F. App'x 3, 7 (11th Cir. 2012) ("Accepting as true the allegations that [plaintiff] is disabled and that he was discriminated against, [plaintiff] failed to allege facts suggesting that the defendants' actions . . . were due to his disability."); *Agostino v. City of Cape Coral*, No. 2:17-cv-135-FtM-99CM, 2017 WL 6041772, at *3 (M.D. Fla. Dec. 6, 2017) (dismissing complaint where "Plaintiff loosely references the ADA but does not indicate his specific disability, what benefit he was denied, or who or how he was discriminated against

- 12 -

based on his disability"); *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1339 (M.D. Fla. 2010) ("The conclusory allegations in [the complaint] do not state a claim under the ADA."); *S.V.S by & through Varner v. Broward Cnty. Pub. Sch.*, No. 18-62413-CIV, 2019 WL 10092978, at *6 (S.D. Fla. Jan. 28, 2019)  (dismissing claims brought against one defendant where "the Amended Complaint only alleges in a conclusory manner that this 'conduct was perpetrated against [plaintiff] because of his disability'").

### C. Plaintiff's Motion for Class Certification

Plaintiff also moves to certify a class in this action consisting of "all students throughout the state of Florida with learning disabilities[,] who attended public schools owned and operated by the Defendant, [t]he School Board of Volusia County, Florida." (Dkt. 26.)  Defendant opposes the motion for class certification.  (Dkt. 29.) As discussed above, the court finds that Plaintiff has failed to state a claim on each count and that the First Amended Complaint must be dismissed.  Plaintiff's Motion for Class Certification contains no additional factual allegations to establish her ability to properly represent the proposed class.  *See* (Dkt. 26.)  Plaintiff's Motion for Class Certification must therefore be denied without prejudice and with leave to refile following the filing of an amended complaint that adequately states claims for relief. *Cf. Moore v. Am. Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1242 (11th Cir. 2000) (assuming plaintiff "alleges a case sufficient to withstand a motion to dismiss for failure to state a claim" before considering district court's denial of class certification); *see also Bill Buck Chevrolet, Inc. v. GTE Fla., Inc.*, 54 F. Supp. 2d 1127, 1136 (M.D. Fla. 1999) ("Because Plaintiff's complaint fails to state a claim, the Court will defer consideration

of Plaintiff's motion for class certification.") (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *Wiles v. Krueger Pizza, LLC*, No. 8:22-cv-933-KKM-CPT, 2022 WL 4095678, at *3 (M.D. Fla. Sept. 7, 2022) (denying motion for class certification as moot after dismissing complaint without prejudice for failure to state a claim).

CONCLUSION

Accordingly:

1.  Defendant's Renewed Motion to Dismiss First Amended Complaint (Dkt. 40) is **GRANTED**.

2.  Plaintiff's First Amended Class Action Complaint (Dkt. 4) is **DISMISSED without prejudice**.  Plaintiff shall file a Second Amended Complaint, if any, within 30 days of this order.

3.  Plaintiff's Motion for Class Certification (Dkt. 26) is **DENIED without prejudice**.  Plaintiff may file a renewed motion for class certification within 90 days of filing the Second Amended Complaint.

**ORDERED** in Orlando, Florida, on April 16, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record