UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY POWELL, YVONNE
WOLFE, LYNETTE CLEWS, ELICIA
RODRIGUEZ, MORGAN
RICHARDS, GEORGIA HINES,
CRYSTAL COOPER, ANGELICA
AMIS, DONALD FAULKNER, JR.,
JEFFREY BLASSMEYER,
KIMBERLY AMIS, BRYAN SIROIS,
SHANNON ROBINSON, KAYLA
KLINGLER, TENEA PHILLIPS,
BRANDON BRINDLEY, TIFFANY
REINHARDT, SARAH
WINDHOVEN, ANNI SUADI,
AMANDA SULLIVAN, EMMA
VANCURAN, BRENT EULER,
HEATHER DEY, KEVIN TOMAKA,
WENDY WEISHEIMER, DONALD
W. POWELL, PAMELA TOMS,
TERRIE L. FUEHRER, TINA
TRENCHERD, CARLA ANDER, and
MIRANDA FREELAND,

    Plaintiffs,

v.    Case No: 6:21-cv-1791-JSS-UAM

THE SCHOOL BOARD OF VOLUSIA
COUNTY, FLORIDA,

    Defendant.
_____/

## **ORDER**

Defendant, the School Board of Volusia County, Florida, moves to dismiss Plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction and for

failure to state a claim. (*See* Dkts. 64, 72.) Plaintiffs oppose the motion. (Dkt. 66.) Upon consideration, and for the reasons outlined below, the court dismisses this case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs bring this proposed class action seeking damages in excess of $50 million on behalf of themselves and all persons who previously attended or currently attend schools operated by Defendant. (Dkt. 59.) Plaintiffs allege that Defendant discriminated against them by failing to accommodate their disabilities. (*Id.* ¶¶ 130–31, 137–38.)

Plaintiff Kimberly Powell brought her original class action complaint against Defendant in October 2021. (Dkt. 1.) In November 2021, Ms. Powell filed an Amended Complaint that added the other Plaintiffs and asserted one count for violation of Title II of the ADA, 42 U.S.C. § 12132, and one count for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2). (Dkt. 4.) On November 9, 2022, the court granted Defendant's motion to dismiss for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482, and dismissed the Amended Complaint for lack of subject matter jurisdiction. (Dkt. 30.) Plaintiffs appealed. (Dkt. 31.) The Eleventh Circuit vacated the court's order of dismissal and remanded the case for further proceedings consistent with the Supreme Court's intervening decision in *Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023).

Following the Eleventh Circuit's mandate, the court reopened this case. (Dkt. 38.) Defendant renewed its motion to dismiss, arguing that Plaintiffs failed to state claims under the ADA and Rehabilitation Act and otherwise failed to plead a sufficient injury to state a claim or establish standing. (Dkt. 40.) On April 16, 2024, on Defendant's motion, (Dkt. 40), the court dismissed the Amended Complaint without prejudice with leave to file a Second Amended Complaint "within [thirty] days of this order." (Dkt. 57 at 14.) Accordingly, Plaintiffs' Second Amended Complaint was due on or before May 16, 2024. *See* Fed. R. Civ. P. 6(a)(1). However, Plaintiffs did not timely amend their complaint. The court entered an order to show cause as to why the case should not be dismissed for lack of prosecution. (Dkt. 58.) Plaintiffs then filed their Second Amended Complaint, (Dkt. 59), and a response to the court's order to show cause explaining that "[d]ue to a clerical error," they "did not realize [that] the Second Amended Complaint was filed out of time," (Dkt. 60 at 2.) The court entered an order accepting the Second Amended Complaint as timely filed. (Dkt. 61.)

Defendant moves to dismiss Plaintiff's Second Amended Complaint. (Dkt. 64.) Plaintiffs oppose this motion. (Dkt. 66.)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1); *McCormick v.*

*Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause." *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)). "[A] dismissal for lack of subject[]matter jurisdiction is 'entered without prejudice.'" *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (quoting *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' Second Amended Complaint, contending the court lacks subject matter jurisdiction and Plaintiffs failed to state a claim for relief. (Dkt. 64.) Because the court determines that it lacks subject matter jurisdiction over this case, it considers only that argument.

*Automotive Alignment & Body Service, Inc. v. State Farm Mutual Automobile Insurance Co.*, 953 F.3d 707 (11th Cir. 2020), is controlling. There, the district court dismissed the plaintiffs' complaints without prejudice "with leave to amend within a specified time," but some of the plaintiffs "missed the deadline to amend without ever seeking an extension of time." *Id.* at 716, 720. The Eleventh Circuit held:

> [A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension. And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint.

*Id.* at 720 (citation and quotation omitted). A plaintiff in such a situation has only three options: "to appeal, Fed. R. App. P. 3, move to alter or amend the judgment, Fed. R. Civ. P. 59(e), or move for relief from the final judgment, Fed. R. Civ. P. 60(b)." *Id.*

Here, the court's April 16, 2024 order dismissing the Amended Complaint without prejudice with leave to amend within thirty days became a final judgment when Plaintiffs failed to file their Second Amended Complaint by May 16, 2024. Accordingly, the court had no jurisdiction to enter the May 22, 2024 order accepting the Second Amended Complaint as timely filed. *See Auto. Alignment*, 953 F.3d at 720 (determining that the district court "surrendered jurisdiction" over actions "when the deadline to amend expired" and therefore "[t]he district court's orders entered after that time were a nullity and [had to] be vacated" (quotations omitted)). Instead, the April 16, 2024 order dismissing Plaintiffs' Amended Complaint without prejudice stands as "the operative final judgment[] that bind[s]" Plaintiffs. *Id.* at 722.

Plaintiffs do not explain why *Automotive Alignment* is not controlling. (*See* Dkt. 66.) They rely on *Damiano v. FDIC*, 104 F.3d 328, 332 n.4 (11th Cir. 1997), but this reliance is misplaced. (*See* Dkt. 66 at 11–12.) There, the Eleventh Circuit determined that the district court had jurisdiction to enter an order on the plaintiff's motion for reconsideration because the court could have construed it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). *Damiano*, 104 F.3d at 332 & n.4. This was significant because a motion for reconsideration under Rule 59(e) would have been untimely, but Rule 60(b)(6) does not have a "strict time limitation of

a jurisdictional nature." *Id.* at 332 n.4. Here, however, Plaintiffs have not filed a motion for post-judgment relief of any kind, and thus, their argument under *Damiano* is unavailing.

"[B]ecause final judgment stood as entered after the expiration of the . . . deadline to amend, the [c]ourt lacks jurisdiction to consider [Plaintiffs'] [untimely] [S]econd [A]mended [C]omplaint . . . absent a grant of relief under either Rule 59(e) or Rule 60(b), which [Plaintiffs] ha[ve] not requested." *See Murphy v. Alabama*, No. 1:22-00018-KD-N, 2022 WL 17587257, at *2 (S.D. Ala. Nov. 1, 2022). Given Plaintiffs' failure to timely file their Second Amended Complaint, the court lacks jurisdiction over this matter to grant anything other than post-judgment relief. *See Auto. Alignment*, 953 F.3d at 720 ("The *only recourse* for a plaintiff who seeks to aside the final judgment is to appeal, . . . move to alter or amend the judgment, . . . or move for relief from the final judgment . . . ." (emphasis added)); *Bessent v. Biden*, No. 8:22-cv-1865-KKM-CPT, 2023 WL 2024896, at *1 (M.D. Fla. Feb. 15, 2023) ("Of course, a plaintiff may also refile the action if the dismissal was without prejudice and is not otherwise barred by the statute of limitations."). "[P]laintiff[s] may seek leave to amend if [t]he[y] [are] granted relief under . . . Rule 60(b)(6)." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010); *see* Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief.").

## CONCLUSION

The court lost jurisdiction over this action when Plaintiffs failed to file their Second Amended Complaint by May 16, 2024. Accordingly:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. 64) is **GRANTED**.

2. This action is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on January 17, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record