UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY POWELL, YVONNE
WOLFE, LYNETTE CLEWS, ELICIA
RODRIGUEZ, MORGAN
RICHARDS, GEORGIA HINES,
CRYSTAL COOPER, ANGELICA
AMIS, DONALD FAULKNER, JR.,
JEFFREY BLASSMEYER,
KIMBERLY AMIS, BRYAN SIROIS,
SHANNON ROBINSON, KAYLA
KLINGLER, TENEA PHILLIPS,
BRANDON BRINDLEY, TIFFANY
REINHARDT, SARAH
WINDHOVEN, ANNI SUADI,
AMANDA SULLIVAN, EMMA
VANCURAN, BRENT EULER,
HEATHER DEY, KEVIN TOMAKA,
WENDY WEISHEIMER, DONALD
W. POWELL, PAMELA TOMS,
TERRIE L. FUEHRER, TINA
TRENCHERD, CARLA ANDER, and
MIRANDA FREELAND,

    Plaintiffs,

v.	Case No: 6:21-cv-1791-JSS-UAM

THE SCHOOL BOARD OF VOLUSIA
COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

On January 29, 2025, Plaintiffs filed a motion to set aside the dismissal of this action, specifically seeking to set aside the court's January 17, 2025 order (Dkt. 83). (Dkt. 86.) However, that order merely recognized that the court's April 16, 2024 order dismissing Plaintiffs' complaint without prejudice, (Dkt. 57), became a final judgment when Plaintiffs failed to timely amend their complaint, (*see* Dkt. 83). Because Plaintiffs request that the court "permit[] this case to proceed," (Dkt. 86 at 5), and because Plaintiffs cite Federal Rule of Civil Procedure 60(b), (Dkt. 86 at 4), under which a court may relieve a party from a final judgment, the court construes their motion as requesting relief from the final judgment. Defendant opposes the motion, arguing that Plaintiffs have "failed to meet [their] burden to establish the extraordinary remedy of vacating the [c]ourt's order and judgment." (Dkt. 87 at 1.) Upon consideration, for the reasons outlined below, Plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs brought this putative class action seeking damages in excess of $50 million on behalf of themselves and all persons who suffered disability discrimination while attending schools operated by Defendant. (Dkt. 59.) They alleged that Defendant failed to accommodate their disabilities. (*Id.* ¶¶ 130–31, 137–38.) On April 16, 2024, on Defendant's motion, (Dkt. 40), the court dismissed Plaintiffs' amended complaint without prejudice for failure to state a claim and granted Plaintiffs leave to file a second amended complaint "within [thirty] days," (Dkt. 57 at 14). Plaintiffs' second amended complaint was due on May 16, 2024. *See* Fed. R. Civ. P. 6(a)(1).

However, Plaintiffs did not timely amend their complaint or ask for an extension of time to do so. On May 21, 2024, the court ordered Plaintiffs to show cause as to why the case should not be dismissed for lack of prosecution. (Dkt. 58.) Plaintiffs filed their second amended complaint that same day, (Dkt. 59), along with a response to the court's order explaining that "[d]ue to a clerical error," they "did not realize [that] the [s]econd [a]mended [c]omplaint was filed out of time," (Dkt. 60 at 2). The court discharged the order to show cause and accepted the second amended complaint "as filed." (Dkt. 61.)

On June 18, 2024, Defendant moved to dismiss the second amended complaint, arguing in part that *Automotive Alignment & Body Service, Inc. v. State Farm Mutual Automobile Insurance Co.*, 953 F.3d 707 (11th Cir. 2020), was controlling. (Dkt. 64 at 8.) The *Automotive Alignment* court held:

> [A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension. And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint.

953 F.3d at 720 (citation and quotation omitted). A plaintiff in such a situation has only three options: "to appeal, Fed. R. App. P. 3, move to alter or amend the judgment, Fed. R. Civ. P. 59(e), or move for relief from the final judgment, Fed. R. Civ. P. 60(b)." *Id.*

Under this binding authority, the court acknowledged that Plaintiffs' failure to timely amend rendered the court's order dismissing the amended complaint without

- 3 -

prejudice a final judgment on May 16, 2024—the date amendment was due. (Dkt. 83 at 5.) The court explained that it therefore had not had jurisdiction to enter the order accepting the second amended complaint as properly filed. (*Id.*) The court had "surrendered jurisdiction" over the action "when the deadline to amend expired," rendering its "orders entered after that time . . . a nullity." *Auto. Alignment*, 953 F.3d at 720 (quotations omitted). The court accordingly dismissed the action without prejudice for lack of subject matter jurisdiction. (Dkt. 83 at 7.) A final judgment has been entered against Plaintiffs. (Dkts. 57, 84.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 60(b) permits a court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b) enumerates six grounds upon which such relief may be granted, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion brought under Rule 60(b)(1) "must be made . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

"[A] Rule 60(b) [m]otion must be equitably and liberally applied to achieve substantial justice." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). "Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by [a party]'s attorney should not deprive [that party] of an opportunity to present the true merits of his claims." *Id.* Whether to relieve a party from a final judgment under Rule 60(b) is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)

- 4 -

(quotation omitted); *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017) (same).

## ANALYSIS

Plaintiffs move to set aside the dismissal of this action under Rule 59, Rule 60(a), and Rule 60(b). (Dkt. 86 at 2–4.) Because the Rule 60(b) analysis is dispositive, the court considers only that rule. At the outset, the court notes that such a motion is timely brought—the final judgment in this case was entered on May 16, 2024, and the instant motion was filed on January 29, 2025. *See* Fed. R. Civ. P. 60(c)(1).

In their motion, Plaintiffs cite their response to the court's order to show cause, (Dkt. 86 at 2–3), where they explained that they had not timely amended "[d]ue to a clerical error," (Dkt. 60 at 2). They also note that the court's subsequent order "appear[ed] to effectively resolve the issue of [the] untimely filing." (Dkt. 86 at 3; *see* Dkt. 61.) They further cite Federal Rule of Civil Procedure 60(b)(1), which permits a court to relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect," and they argue that although relief from the final judgment will "arguably . . . not prejudice . . . Defendant," refusal to grant that relief would be "manifestly unjust" to Plaintiffs, depriving them "of an opportunity to litigate the claims" in their second amended complaint. (Dkt. 86 at 4–5.)

In the context of a Rule 60(b)(1) motion, "[t]he determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Four factors are relevant to the excusable

neglect inquiry: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "[E]xcusable neglect encompasses situations of negligence within the . . . party's control." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 744 (11th Cir. 2017). The most important factors are the first two; in other words, "the absence of prejudice [to the non-moving party] and the interests of efficient judicial administration." *Id.*

Here, each of the four factors weighs in favor of granting Plaintiffs' motion. With regard to prejudice, Defendant maintains that Plaintiffs' failure to move for relief from the final judgment for more than nine months was prejudicial to it, (Dkt. 87 at 15–16), but "simple delay is insufficient for prejudice," *Coniglio v. Bank of Am., N.A.*, 638 F. App'x 972, 975 (11th Cir. 2016). Delay is most germane to the prejudice inquiry where the delaying parties put themselves "in a position of unfair advantage," as by "allow[ing] relevant evidence to turn stale." *Jones v. Ala. Mil. Dep't*, No. 2:15-CV-564-WKW, 2016 WL 5402229, at *2 (M.D. Ala. Sept. 26, 2016) (citing *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 387 (E.D.N.Y. 1998), and *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007)). While Defendant notes that this case was filed four years ago and "relates to events that occurred many years before that," (Dkt. 87 at 15–16), it offers no argument for prejudice beyond the

mere fact of delay, and so the court does not find that granting Plaintiffs' motion will substantially prejudice it, (*see id. passim*).

The second and third factors—the length of and reason for the delay—also militate in Plaintiffs' favor. The impact on judicial administration is minimal. The length of delay that was attributable to Plaintiffs was negligible, as they filed their second amended complaint only five days late. *See Coniglio*, 638 F. App'x at 975 (determining that the "length of delay was small" where a defendant "moved to set aside [a] default judgment mere days after its entry"). Moreover, once the court ruled that its prior dismissal order had been rendered a final judgment, Plaintiffs filed the instant motion within two weeks. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1202 (11th Cir. 1999) (reasoning that the "court should have set aside its order of dismissal" under Rule 60(b)(1) when a one-month delay would not have "had an adverse impact on the . . . court or its resources"). As for the reason given for the delay, Plaintiffs stated that they failed to file their second amended complaint on time due to a clerical error, (Dkt. 60 at 2; *see* Dkt. 86 at 3–4), and a "clerical error constitutes excusable neglect," *Walter*, 181 F.3d at 1202 (citing *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997)); *see id.* (concluding that "the failure of a former secretary of [the plaintiff]'s attorney to record the applicable deadline" was "the type of 'innocent oversight'" that constitutes an adequate reason for delay under Rule 60(b)(1)).

Defendant makes much of the nine-month gap between May 16, 2024, when the dismissal without prejudice became a final judgment, and January 29, 2025, when

Plaintiffs filed the instant motion. (*See* Dkt. 87 at 14–16.) This gap is reasonable under the circumstances. Further, the court focuses on the period from May 16, 2024, until May 22, 2024—the gap between when Plaintiffs' amendment was due until when it was untimely filed. As Plaintiffs note, the court's endorsed order addressing their amendment "appear[ed] to effectively resolve the issue of untimely filing." (Dkt. 86 at 3.) Plaintiffs acted reasonably in relying on the court's order rather than crediting Defendant's argument that the court lacked subject matter jurisdiction to enter that order.

Finally, Defendant does not contend that Plaintiffs acted in bad faith, (*see* Dkt. 87), and the court can discern no bad faith in either Plaintiffs' brief delay in filing their amended complaint or their failure to move for post-judgment relief given the court's order. *Cf. United States v. Ferguson*, No. 3:07-cv-631-J-34TEM, 2015 WL 164204, at *12 (M.D. Fla. Jan. 13, 2015) (finding the defendant acted in bad faith where she made misrepresentations to the court and the opposing counsel); *Travelers Cas. & Sur. Co. of Am. v. Thorington Elec. & Constr. Co.*, No. 2:09-CV-37-WKW [WO], 2010 WL 743138, at *3 (M.D. Ala. Mar. 1, 2010) (discerning bad faith where the defendants made a "blatant[]" misrepresentation to the court). Accordingly, Plaintiffs' motion is due to be granted.

Defendant's arguments in opposition to Plaintiffs' motion are unavailing. First, Defendant asserts that Plaintiffs fail to specify which of Rule 60(b)'s bases they are seeking relief under, (Dkt. 87 at 11), but Plaintiffs' motion expressly cites Rule 60(b)(1), (Dkt. 86 at 4). Second, Defendant claims Plaintiffs fail to adduce facts in support of

their motion. (Dkt. 87 at 11–12.) Admittedly, Plaintiffs' motion is not a model of clarity. (*See* Dkt. 86.) Nevertheless, the court can readily discern the thrust of Plaintiffs' argument: they confess that they failed to timely amend but submit that their subsequent failure to move for post-judgment relief was based on the court's order accepting their amendment as "filed," (Dkt. 61), which the court has already deemed a reasonable belief, (*see* Dkt. 86 at 2–3).

Plaintiffs' failure to timely file their second amended complaint was "attributable to negligence." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). It was apparently nothing more than "an innocent oversight by counsel." *Id.* This situation is precisely the sort contemplated by Rule 60(b). *See Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025) ("The general 'purpose' of the [r]ule . . . is 'to make an exception to finality.' The [r]ule 'attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.'" (internal citation omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), and 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2851 (3d ed. 2012))). As such, Plaintiffs' motion is due to be granted.

## CONCLUSION

Accordingly:

1. Plaintiffs' motion (Dkt. 86) is **GRANTED**.

2. The Clerk is **DIRECTED** to vacate the final judgment (Dkts. 57, 84) and to reopen this case.

3. As immediately as practicable, Plaintiffs shall refile their second amended complaint (Dkt. 59) in this case.

4. The parties are **DIRECTED** to meet and confer and file a new case management report on or before May 2, 2025.

5. Defendant shall respond to the second amended complaint on or before May 23, 2025.

**ORDERED** in Orlando, Florida, on April 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record